UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARREN AMERICAN OIL COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: |
| vs. | ) | 18-cv-48-GKF-FHM |
| | ) | **BASE FILE** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al. | ) ) ) | |
| Defendant(s). | ) | |
| | | |
| JIREH RESOURCES, LLC, | ) | |
| | ) | Consolidated with |
| Plaintiff, | ) | Case Number: |
| vs. | ) | 18-cv-49-GKF-JFJ |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| Defendant. | ) | |
| | | |
| NOVY OIL AND GAS, INC., | ) | |
| | ) | Consolidated with |
| Plaintiff, | ) | Case No. 18-cv-51-GKF-JFJ |
| vs. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | |
| Defendants. | ) | |

**EPA'S ANSWER TO THE
COMPLAINT OF NOVY OIL AND GAS, INC.**

The United States Environmental Protection Agency ("EPA") responds to the complaint filed by Novy Oil and Gas, Inc. ("Novy"), as follows:

The "Introduction" characterizes the complaint and so no response is required. To the extent a response is required, the allegations are denied.

1. Paragraph 1 is a conclusion of law, not an allegation of fact, and so no response is required.

2. The first sentence of Paragraph 2 is a conclusion of law, not an allegation of fact, and so no response is required. The second sentence characterizes the complaint and so no response is required. To the extent a response is required, the allegations are denied. The allegation in the parenthetical is admitted.

3. EPA admits the allegation in Paragraph 3 that the violation occurred within the Northern District of Oklahoma. The remainder of Paragraph 3 is a conclusion of law, not an allegation of fact, and so no response is required.

4. EPA admits the allegation in Paragraph 4.

4. EPA admits the allegation in Paragraph 4 that Novy is an Oklahoma company, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and on that basis denies them.[1]

5. EPA admits the allegations in Paragraph 5. .

6. With respect to the allegation in the first sentence of Paragraph 6, EPA admits that E. Scott Pruitt was the Administrator of EPA when the complaint was filed. EPA avers that Mr. Pruit has been replaced by Acting Administrator Andrew R. Wheeler. The second sentence characterizes the complaint and so no response is required.

7. EPA admits the allegation in the first sentence of Paragraph 7. The second sentence characterizes the complaint and so no response is required.

---

[1] The complaint contains two Paragraphs numbered "4." EPA will use the same numbering to avoid confusion.

8. EPA admits the allegation in the first sentence of Paragraph 8. The second sentence characterizes the complaint and so no response is required.

9. The allegations in Paragraph 9 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

10. The allegations in Paragraph 10 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

11. The allegations in Paragraph 10 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

12. EPA admits the allegation in Paragraph 12.

13. EPA admits the allegations in Paragraph 13.

14. EPA denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 characterize the Order referenced therein which speaks for itself and so no answer is required. To the extent the allegations are inconsistent with the Order, they are denied.

16. EPA admits the allegations in Paragraph 16.

17. EPA admits the allegations that a hearing was held in Tulsa Oklahoma on October 11, 2017 and that Novy presented evidence at that hearing, but denies the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 characterize the Order referenced therein which speaks for itself and so no answer is required.  To the extent the allegations are inconsistent with the Order, they are denied.

19.     EPA denies the allegations in Paragraph 19.

20.     The allegations in the first sentence of Paragraph 20 characterize the Order referenced therein which speaks for itself and so no answer is required.  To the extent the allegations in the first sentence are inconsistent with the Order, they are denied.  EPA denies the allegations in the second sentence.

21.     EPA denies the allegations in Paragraph 21.

22.     EPA denies the allegations in Paragraph 22.

23.     EPA denies the allegations in Paragraph 23

24.     EPA denies the allegations in Paragraph 24.

25.     EPA denies the allegations in Paragraph 25.

## GENERAL DENIAL

All allegations not expressly admitted are denied.

Respectfully submitted,

Jeffrey H. Wood
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

s/ *Eileen T. McDonough*
Eileen T. McDonough
Senior Attorney
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
(202) 514-3126
eileen.mcdonough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and to the following:

Stephen R. McNamara
smcnara@mcnamlaw.com

David P. Page
dpage@barberbartz.com

Brian T. Inbody
Binbody@mcnamlaw.com

John L. Randolph Jr.
jrandolph@praywalker.com

Robert J. Winter
rwinter@praywalker.com

Valery O. Giebel
vgiebel@praywalker.com

John H Tucker
Jtuckercourts@rhodesokla.com

Mary Jo. Hales
mhales@rhodesokla.com

s/ *Eileen T. McDonough*